UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANKLIN VERAS,

                      Plaintiff,

        v.

DR. A. JACOBSON and DR. T. UDESHI,

                      Defendants.

No. 18-CV-6724 (KMK)

OPINION AND ORDER

Appearances:

Franklin Veras
Ossining, NY
*Pro Se Plaintiff*

Janice Powers, Esq.
Office of the New York State Attorney General
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, District Judge:

      Pro se Plaintiff Franklin Veras ("Plaintiff") brings this Action, pursuant to 42 U.S.C. § 1983, against Dr. A. Jacobson ("Jacobson"), and Dr. T. Udeshi ("Udeshi") (collectively, "Defendants"), alleging that Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. (Compl. (Dkt. No. 1).)

      Before the Court is Defendants' Motion To Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Not. of Mot. (Dkt. No. 19).) For the following reasons, Defendants' Motion is granted.

I. Background

A. Factual Background

The following facts are drawn from Plaintiff's Complaint, and are taken as true for the purpose of resolving the instant Motion.

On July 7, 2016, Plaintiff signed for a sick call complaining about a severe toothache. (Compl. 6.)[1] Plaintiff was seen by Defendant Jacobson, who determined that extraction of Plaintiff's tooth was required. (*Id.*) Jacobson removed Plaintiff's tooth, but "no suture was taken." (*Id.*) Even though medical staff prescribed Plaintiff painkillers "[o]n a consistent basis," Plaintiff experienced "severe pain" and headaches. (*Id.*)

Four days later, on July 11, 2016, "unable to bear with the pain," Plaintiff returned to see Jacobson, who "discovered that a chip bone was protruding from Plaintiff['s] open cavity. (*Id.*) Plaintiff was scheduled to see Defendant Udeshi, an oral surgeon, to have the chip bone removed. (*Id.*) Udeshi performed Plaintiff's surgery "on the same date." (*Id.*)

Three months later, on October 25, 2016, Plaintiff went back to sick call due to "constant excruciating pain," and was "once again . . . told that more bone chip [was] protruding from the tooth cavity." (*Id.*) Plaintiff had to undergo a second surgery; however, "the results were unsuccessful[], because the pain increased, to the point that a third surgery was conducted [i]n 2017." (*Id.*) At some point, Udeshi ordered the construction of a mouthpiece to "reduce the pain and allow . . . Plaintiff to sleep." (*Id.* at 7.)

Plaintiff alleges that "the procedures conducted by" Jacobson and Udeshi "present a clear case of medical malpractice and a deliberate exposition of Plaintiff to cruel and unusual

---

[1] For ease of reference, the Court cites to the ECF-generated page numbers at the upper right corner of each page.

punishment." (*Id.*)  Plaintiff seeks $150,000 in compensatory damages, and $25,000 in punitive damages.  (*Id.* at 9–10.)

    B. Procedural Background

Plaintiff filed the Complaint on November 21, 2017.  (Compl.)  He was granted in forma pauperis status on August 8, 2018.  (Dkt. No. 8.)  On January 2, 2019, with leave of the Court, (Dkt. No. 18), Defendants filed the instant Motion To Dismiss, (Not. of Mot.; Defs.' Mem. of Law in Supp. of Mot. ("Defs.' Mem.") (Dkt. No. 20)).  Plaintiff filed a response on February 1, 2019, (Pl.'s Mem. of Law in Opp'n to Mot. ("Pl.'s Mem.") (Dkt. No. 24)), and Defendants filed a reply on February 4, 2019, (Defs.' Reply in Further Supp. of Mot. ("Defs.' Reply") (Dkt. No. 25)).  Plaintiff filed a sur-reply on February 28, 2019.  (Pl.'s Sur-Reply in Further Opp'n to Mot. ("Pl.'s Sur-Reply") (Dkt. No. 26).)

    II.  Discussion

    A.  Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and quotation marks omitted).  Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  *Id.*  (alteration and quotation marks omitted).  Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Although "once a claim has been

stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

In considering Defendants' Motion To Dismiss, the Court is required to "accept as true all of the factual allegations contained in the [C]omplaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (same). And, the Court must "draw[] all reasonable inferences in favor of the plaintiff." *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Where, as here, a plaintiff proceeds pro se, the Court must "construe[] [his complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam) (quotation marks omitted). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedure and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (quotation marks omitted).

4

B. Analysis

Plaintiff alleges that Defendants were deliberately indifferent to his medical needs in their treatment of his dental procedures. (*See* Compl.) Defendants argue that Plaintiff's allegations fail to state an Eighth Amendment Claim. (*See generally* Defs.' Mem.)

1. Applicable Law

"The Eighth Amendment forbids 'deliberate indifference to serious medical needs of prisoners.'" *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To state a deliberate indifference claim, Plaintiff must plausibly allege (1) "that he suffered a sufficiently serious constitutional deprivation," and (2) that Defendants "acted with deliberate indifference." *Feliciano v. Anderson*, No. 15-CV-4106, 2017 WL 1189747, at *8 (S.D.N.Y. Mar. 30, 2017).

"The first requirement is objective: the alleged deprivation of adequate medical care must be sufficiently serious." *Spavone*, 719 F.3d at 138 (quotation marks omitted). In other words, "the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013). Analyzing this objective requirement involves two inquiries: "whether the prisoner was actually deprived of adequate medical care," *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006), and "whether the inadequacy in medical care is sufficiently serious," which in turn "requires the [C]ourt to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner," *id.* at 280. "There is no settled, precise metric to guide a court in its estimation of the seriousness of a prisoner's medical condition." *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003). Nevertheless, the Second Circuit has suggested the following non-exhaustive list of factors to consider when evaluating an inmate's

medical condition: "(1) whether a reasonable doctor or patient would perceive the medical need in question as 'important and worthy of comment or treatment,' (2) whether the medical condition significantly affects daily activities, and (3) 'the existence of chronic and substantial pain.'" *Id.* (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)). "When the basis for a prisoner's Eighth Amendment claim is a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged *delay* or *interruption* in treatment rather than the prisoner's *underlying medical condition* alone in analyzing whether the alleged deprivation is, in objective terms, sufficiently serious, to support an Eighth Amendment claim." *Smith v. Carpenter*, 316 F.3d 178, 185–86 (2d Cir. 2003) (quotation marks omitted).

"The second requirement is subjective: the charged officials must be subjectively reckless in their denial of medical care." *Spavone*, 719 F.3d at 138. This means that the defendant must "appreciate the risk to which a prisoner was subjected," and have a "subjective awareness of the harmfulness associated with those conditions." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017); *see also Nielsen*, 746 F.3d at 63 ("Deliberate indifference is a mental state equivalent to subjective recklessness," and it "requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result." (quotation marks omitted)). In other words, "[i]n medical-treatment cases not arising from emergency situations, the official's state of mind need not reach the level of knowing and purposeful infliction of harm; it suffices if the plaintiff proves that the official acted with deliberate indifference to inmate health." *Id.* (quotation marks omitted). However, "mere negligence" is insufficient to state a claim for deliberate indifference. *Walker*, 717 F.3d at 125 (quotation marks omitted). Moreover, "mere disagreement over the proper treatment [does not] . . . create a constitutional claim," and

6

accordingly, "[s]o long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d at 703.

### 2. Application to Plaintiff's Claim

Even assuming Plaintiff has pled a sufficiently serious injury under the objective prong, Plaintiff fails to sufficiently allege that Defendants were "subjectively reckless in their denial of medical care." *Spavone*, 719 F.3d at 138. With respect to Jacobson and Udeshi, Plaintiff alleges that he went to sick call for a toothache, and that Jacobson assessed Plaintiff's condition and extracted his tooth that same day, but did not perform a suture. (Compl. 6.) Four days later, when Plaintiff returned to sick call still in pain, he was again seen by Jacobson, who determined that there was a bone chip protruding from Plaintiff's open cavity, and immediately referred Plaintiff to Udeshi, who performed surgery on Plaintiff the same day. (*Id.*) Plaintiff further alleges that his condition subsequently required further surgical interventions, stating in his Memorandum that Defendants ultimately performed "five unsuccessful surgeries." (Pl.'s Mem. 1.) Plaintiff also alleges that at some point, Udeshi had a mouthpiece constructed to alleviate Plaintiff's pain and help him sleep. (Compl. 6.)

Even liberally construed, nothing in the Complaint suggests that Jacobson or Udeshi intentionally denied or even delayed medical treatment. *See Skyers v. United States*, No. 12-CV-3432, 2013 WL 3340292, at *10 (S.D.N.Y. July 2, 2013) ("The case law . . . draws a clear distinction between situations in which the physician provides no medical care, which may amount to deliberate indifference, and those in which the physician provides merely substandard care, which amounts at most to negligence." (citation and quotation marks omitted)). On the contrary, each doctor treated Plaintiff the same day he went to see them, providing tooth

7

extraction, surgical intervention, and a mouthpiece to alleviate Plaintiff's pain. *See Melvin v. County of Westchester*, No. 14-CV-2995, 2016 WL 1254394, at *7 (S.D.N.Y. Mar. 29, 2016) (holding that "treatment of a prisoner's medical condition generally defeats a claim of deliberate indifference" (citation and quotation marks omitted)); *Pabon v. Wright*, No. 99-CV-2196, 2004 WL 628784, at *7 (S.D.N.Y. Mar. 29, 2004) (dismissing deliberate indifference claim because "[i]t is undisputed that [the] defendants examined [the] plaintiffs numerous times over several years, administered diagnostic tests, and prescribed medications to treat [the] plaintiffs' [illness]"), *aff'd*, 459 F.3d 241 (2d Cir. 2006). The fact that Defendants' interventions were ultimately unsuccessful can, at most, state a claim for negligence or medical malpractice, but is insufficient to meet the Eighth Amendment standard. *See Estelle*, 429 U.S. at 107 (holding no deliberate indifference claim was stated where the plaintiff "was seen by medical personnel on 17 occasions spanning a 3-month period," and finding his allegations of inadequate treatment constituted "[a]t most . . . medical malpractice"); *Perkins v. Perez*, No. 17-CV-1341, 2019 WL 1244495, at *11 (S.D.N.Y. Mar. 18, 2019) (dismissing Eighth Amendment claim where the "allegations show that [the defendant] did not ignore Plaintiff's medical needs or deny Plaintiff medical care," but rather that the plaintiff "sharply disagreed with [the defendant's] treatment . . . and . . . had an adverse reaction to the medication administered"); *Hawthorne v. Nurse Sturgeon*, No. 17-CV-438, 2018 WL 4290458, at *4 (N.D.N.Y. Aug. 8, 2018) ("[E]ven if [the defendant's] decisions caused plaintiff unintended harm, negligence is not actionable under [§] 1983."), *adopted by* 2018 WL 4288624 (N.D.N.Y. Sept. 7, 2018); *Hodge v. Perilli*, No. 06-CV-2480, 2010 WL 3932368, at *9 (S.D.N.Y. Sept. 30, 2010) ("[E]ven if [the] [d]efendants did not provide 'proper treatment,' it is well-settled that '[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner.'" (quoting *Estelle*, 429 U.S. at

8

106)); *Collazo-Portillo v. D'Avirro*, No. 06-CV-2028, 2007 WL 1614527, at *2 (D. Conn. May 29, 2007) (holding the plaintiff failed to state a deliberate indifference claim because allegations that the defendant "performed [three] unsuccessful eye surgeries constitute claims of negligence or medical malpractice"). Although Plaintiff correctly notes that deliberate indifference may be found where the "course of treatment was largely ineffective and [the defendant] declined to do anything more to attempt to improve [the plaintiff's] situation," (Pl.'s Mem. 7 (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 68 (2d Cir. 1994))), Plaintiff does not allege that Defendants ever declined to attempt to improve Plaintiff's situation, or refused to perform any particular treatment that was clearly necessary, *see Abney v. McGinnis*, No. 01-CV-8444, 2007 WL 844675, at *3 (S.D.N.Y. Mar. 16, 2007) ("In cases where ineffective care has constituted deliberate indifference, defendants had failed to recommend or carry out a course of treatment that was plainly required."). Rather, Plaintiff alleges that Defendants repeatedly performed surgery in an ongoing attempt to relieve Plaintiff's suffering, that Udeshi had a mouthpiece made designed to reduce Plaintiff's pain, and that Plaintiff consistently received painkillers and medication to alleviate his symptoms. (Compl. 6–7; Pl.'s Mem. 1–2.) "'[I]nadvertent failure to provide adequate medical care' or claims that prison medical staff were 'negligent in diagnosing or treating a medical condition' do not amount to deliberate indifference." *Wise v. Daugherty*, No. 13-CV-6417, 2015 WL 4162819, at *5 (W.D.N.Y. July 9, 2015) (quoting *Atkins v. Coughlin*, 101 F.3d 1393 (2d Cir. 1996)).

There are simply no allegations from which the Court could infer that Defendants *deliberately* disregarded a substantial risk of harm to Plaintiff. *See Nielsen*, 746 F.3d at 63. Absent such allegations, the Second Amended Complaint suggests only that Defendants acted, or failed to act, with "negligence amounting to medical malpractice," which is "insufficient to state

9

a claim of deliberate indifference." *Whitley v. Ort*, No. 17-CV-3652, 2018 WL 4684144, at *8 (S.D.N.Y. Sept. 28, 2018). Plaintiff's Eighth Amendment claims are therefore dismissed.[2]

### III. Conclusion

For the foregoing reasons, Defendants' Motion To Dismiss is granted. However, because this is the first adjudication of Plaintiffs' claims on the merits, the dismissal is without prejudice. *See Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016) (explaining that "district judges should, as a general matter, liberally permit pro se litigants to amend their pleadings" unless "amendment would be futile" (citation omitted)). Should Plaintiff choose to file an amended complaint, he must do so within 30 days of this Opinion, addressing the deficiencies identified herein. The amended complaint will replace, not supplement, the Complaint currently before the Court. It therefore must contain *all* of the claims and factual allegations Plaintiff wishes the Court to consider. The Court will not consider factual allegations raised in supplemental declarations, affidavits, or letters. If Plaintiff fails to abide by the 30-day deadline, this action may be dismissed with prejudice.

The Clerk of the Court is respectfully requested to terminate the pending motion, (Dkt. No. 19), and to mail a copy of this Opinion to Plaintiff.

SO ORDERED.

Dated: July 18, 2019
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

---

[2] Because Plaintiff's federal claims are dismissed, the Court declines to exercise supplemental jurisdiction over any state law claims that Plaintiff intended to assert for medical malpractice or negligence. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (noting that "if the federal claims [in an action] are dismissed before trial . . . the state claims should be dismissed as well" (citation omitted)).

10