UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANKLIN VERAS,

                        Plaintiff,

            v.

DR. A. JACOBSON *and* DR. T. UDESHI,

                        Defendants.

No. 18-CV-6724 (KMK)

OPINION & ORDER

Appearances:

Franklin Veras
Ossining, NY
*Pro se Plaintiff*

Janice Powers, Esq.
Joseph E. Scolavino, Esq.
Office of the New York State Attorney General
White Plains, NY
*Counsel for Defendant*

KENNETH M. KARAS, United States District Judge:

      Pro se Plaintiff Franklin Veras ("Plaintiff") brings this Action, pursuant to 42 U.S.C.

§ 1983, against Dr. Allan Jacobson ("Jacobson") and Dr. Tushar Udeshi ("Udeshi"; collectively,

"Defendants"), alleging that Defendants were deliberately indifferent to his medical needs in

violation of the Eighth Amendment.  (*See generally* Am. Compl. (Dkt. No. 32).)  Plaintiff also

brings "supplemental state law claims," such as negligence and medical malpractice.  (*Id.* at 1.)

In the Court's earlier Opinion & Order, the Court dismissed all claims against Udeshi and

dismissed all but one claim against Jacobson.  (*See* Op. & Order ("2020 Op.") 23 (Dkt. No. 44).)

Before the Court is Jacobson's Motion for Summary Judgment pursuant to Rule 56 of the

Federal Rules of Civil Procedure (the "Motion").  (*See* Not. of Mot. (Dkt. No. 72).)  For the

following reasons, the Motion is granted.

I.  Background

A.  Factual Background

The following facts and procedural history are taken from the Parties' statements

pursuant to Local Civil Rule 56.1, specifically Defendant's 56.1 Statement, (Def.'s Local Rule

56.1 Statement ("Def.'s 56.1") (Dkt. No. 74)), and the admissible evidence submitted by the

Parties.[1]  The facts are recounted "in the light most favorable to" Plaintiff, the non-movant.

*Wandering Dago, Inc. v. Destito*, 879 F.3d 20, 30 (2d Cir. 2018) (quotation marks omitted).

---

[1] Local Civil Rule 56.1(a) requires the moving party to submit a "short and concise
statement, in numbered paragraphs, of the material facts as to which the moving party contends
there is no genuine issue to be tried." Local Civ. R. 56.1(a).  The nonmoving party, in turn, must
submit "a correspondingly numbered paragraph responding to each numbered paragraph in the
statement of the moving party, and if necessary, additional paragraphs containing a separate,
short[,] and concise statement of additional material facts as to which it is contended that there
exists a genuine issue to be tried." *Id.* at 56.1(b).  "If the opposing party . . . fails to controvert a
fact set forth in the movant's Rule 56.1 statement, that fact will be deemed admitted pursuant to
the local rule." *Baity v. Kralik*, 51 F. Supp. 3d 414, 418 (S.D.N.Y. 2014) (quotation marks
omitted) (citation omitted); *see also T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir.
2009) (adopting the same rule).
    "'Pro se litigants are not excused from meeting the requirements of Local Rule 56.1,' and
'[a] nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude
that the facts asserted in the statement are uncontested and admissible.'" *Thomas v. DeCastro*,
No. 14-CV-6409, 2021 WL 5746207, at *1 n.1 (S.D.N.Y. Dec. 1, 2021) (quoting *Freistat v.
Gasperetti*, No. 17-CV-5870, 2021 WL 4463218, at *1 (E.D.N.Y. Sept. 29, 2021); then quoting
*T.Y.*, 584 F.3d at 418); *see also Biberaj v. Pritchard Indus., Inc.*, 859 F. Supp. 2d 549, 553 n.3
(S.D.N.Y. 2012) (adopting the same rule).
    Nevertheless, in light of the "special solicitude" afforded to pro se litigants "when
confronted with motions for summary judgment," *Graham v. Lewinski*, 848 F.2d 342, 344 (2d
Cir. 1988), the Court will "in its discretion opt to conduct an assiduous review of the record"
when deciding the instant Motion, *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001)
(citation and quotation marks omitted); *see also Thomas*, 2021 WL 5746207, at *1 n.1
(collecting cases); *Houston v. Teamsters Loc. 210, Affiliated Health & Ins. Fund-Vacation
Fringe Benefit Fund*, 27 F. Supp. 3d 346, 349 (E.D.N.Y. 2014) ("Although [the] plaintiffs did
not file a Rule 56.1 statement, the [c]ourt has independently reviewed the record to ensure that
there is uncontroverted evidence to support the paragraphs referenced in [the] defendants' Rule
56.1 [statement].");  *Pagan v. Corr. Med. Servs.*, No. 11-CV-1357, 2013 WL 5425587, at *2
(S.D.N.Y. Sept. 27, 2013) (explaining that "[t]he [c]ourt ha[d] considered the [motions for
summary judgment] in light of the entirety of the record to afford [the pro se] [p]laintiff the
special solicitude to which he [was] entitled" where the plaintiff failed to submit a Rule 56.1

Jacobson "is a dentist"—"not a dental surgeon"—"employed with [New York State Department of Corrections and Community Services ("DOCCS")] at Sing Sing."  (Def.'s 56.1 ¶ 1.)  In this capacity, Jacobson "does not perform extractions or . . . removals," (*id.* ¶ 2), but only "examines patients, cleans teeth, prescribes medication to address pain, performs x-rays, and makes referrals to specialists including orthodontists and dental surgeons" as needed, (*id.* ¶ 4).

Jacobson treated Plaintiff on June 29, 2016.  (*Id.* ¶ 10.)  During this visit, Jacobson "noted Plaintiff's complaints of facial swelling, examined . . . Plaintiff's mouth, prescribed pain medication, and referred him to a dental surgeon, Dr. Udeshi."  (*Id.* ¶ 11.)  Notably, during that visit, Jacobson refused to take an x-ray of Plaintiff's complained of teeth "so [as] to not cause additional pain."  (*Id.* ¶ 13.)  Jacobson next treated Plaintiff on July 18, 2016, in which Jacobson noted Plaintiff's continued pain and observed the status of the surgical site.  (*Id.* ¶ 14.)[2]  Neither of these entries makes reference to bone spurs, (*id.* ¶ 15), nor to non-party Nurse Practitioner Valerie Monroe ("Monroe"), (*see id.* ¶ 19).[3]

---

response); *Cherry v. Byram Hills Cent. Sch. Dist.*, No. 11-CV-3872, 2013 WL 2922483, at *1 (S.D.N.Y. June 14, 2013) ("[W]here a pro se plaintiff fails to submit a proper . . . Rule 56.1 statement in opposition to a summary judgment motion, the [c]ourt retains some discretion to consider the substance of the plaintiff's arguments, where actually supported by evidentiary submissions." (citation and italics omitted)); *Hayes v. County of Sullivan*, 853 F. Supp. 2d 400, 406 n.1 (S.D.N.Y. 2012) ("In light of [the] [p]laintiff's pro se status, the [c]ourt overlooks his failure to file a Local Rule 56.1 Statement and conducts its own independent review of the record.").

[2] In other words, there exist no dental or medical records of Jacobson treating Plaintiff on July 8, 2016.  (*See id.* ¶ 6 (citing Powers Decl. Ex. A (Decl. of Allan Jacobson) ("Jacobson Decl.") (Dkt. No. 73-1); Powers Decl. Ex. C ("Dental Records") (Dkt. No. 73-3)).)

[3] In his 56.1 Statement, Jacobson twice refers to Monroe as "Munroe."  (*See* Def.'s 56.1 ¶ 19.)  However, in light of the majority of Jacobson's references as well as Monroe's own declaration, the Court refers to this individual solely as Monroe.

In between those two dates, on July 7, 2016, Udeshi—formerly a defendant in this

Action, (*see* 2020 Op. 23–24)—extracted Plaintiff's tooth, (Def.'s 56.1 ¶ 16).  This extraction did

not reveal a bone spur; instead, a bone spur was not reported until Plaintiff's dental visit on July

21, 2016.  (*Id.* ¶ 23.)[4]  When Jacobson treated Plaintiff on that day, Jacobson "recommended a

natural reduction of the bone."  (*Id.*)  Several entries in Plaintiff's dental records following July

21, 2016, also make reference to Plaintiff's bone spurs.  (*Id.*)

Monroe "treated Plaintiff for renal disease and smoking cessation" on several days in

July 2016, though none of which were on July 8, 2016, or within several days of that date.  (*Id.* ¶

21.)  There are no dental records showing Monroe "came to dental as alleged."  (*Id.* ¶ 19.)

Rather, Monroe "interact[ed]" with Jacobson and Plaintiff on only two days: (1) on August 2,

2016, at Jacobson's request, "Monroe sent Plaintiff for a radiology study to rule out a sinus

infection due to swelling to the cheek," (*id.* ¶ 22); and (2) on August 15, 2016, Jacobson "visited

Plaintiff in medical" while under Monroe's care during which Plaintiff reported being in pain but

"refused an intraoral exam," (*id.* ¶ 20).  Moreover, during the former interaction, Plaintiff "'self-

---

[4] The entry dated July 21, 2016 notes a "piece of bone in [the] area," (*id.*), which likely meets the definition of a bone spur, a medical term of which the Court may take judicial notice, *see Reid v. Time Warner Cable*, No. 14-CV-3241, 2016 WL 743394, at *2 n.4 (E.D.N.Y. Feb. 22, 2016) ("Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the online medical dictionary definition of 'alveoloplasty.'"); *Snyder v. Law*, No. 09-CV-1364, 2010 WL 5572768, at *1 n. 1 (N.D.N.Y. Dec. 21, 2010) (taking judicial notice of the definition of a mental health disorder published in a medical textbook); *Judge v. Med. Dep't at S. C.I. Greene*, No. 05-CV-1776, 2007 WL 1576400, at *3 n.2 (W.D. Pa. May 31, 2007) (taking judicial notice of medical definition at National Library of Medicine website). *cf. Brickey v. Superintendent, Franklin Corr. Facility*, No. 10-CV-85, 2011 WL 868148, at *2 n.3 (N.D.N.Y. Feb. 17, 2011) (taking judicial notice of the meaning and symptoms of the condition sciatica), *report and recommendation adopted*, 2011 WL 868087 (N.D.N.Y. Mar. 10, 2011); *Lin v. Metro. Life Ins. Co.*, No. 07-CV-3218, 2010 WL 668817, at *1 (S.D.N.Y. Feb. 25, 2010) ("In its decision, the [c]ourt took judicial notice of certain medical background information about Hepatitis B.").  Moreover, Jacobson refers to this as a "bone spur" in his 56.1 Statement itself. (*See* Def.'s 56.1 ¶ 23.)

reported' that he had a wisdom tooth removed three days before and a bone pulled out on [July 11, 2016]." (*Id.* ¶ 22.)  Medical records show that Udeshi treated Plaintiff on July 11, 2016, though the same records show that Plaintiff "did not undergo any removals of bones on" that day. (*Id.* ¶ 23.)

B.  Procedural Background

Because the procedural background of this Action has been summarized in the Court's two previous Opinion & Orders, (*see* 2020 Op. 9; Op. & Order ("2019 Op.") 3 (Dkt. No. 27)), the Court supplements the procedural history of the case since the issuance of the 2020 Opinion.

On September 23, 2020, the Court issued the 2020 Opinion, which dismissed Plaintiff's claims against Udeshi with prejudice and dismissed all but one of Plaintiff's claims against Jacobson without prejudice, namely Plaintiff's claim against Jacobson regarding the latter's alleged misconduct performed on July 8, 2016.  (2020 Op. 23.)

On October 1, 2020, Plaintiff seemingly filed a motion for reconsideration.  (Dkt. No. 45.)[5]  Defendants opposed the motion for reconsideration days later.  (Dkt. No. 47.)  On November 13, 2020, the Court denied Plaintiff's Motion for Reconsideration.  (Dkt. No. 54.)

In parallel to the reconsideration motion, on October 28, 2020, Jacobson filed an Answer. (Dkt. No. 51.)  Following a lengthy discovery period, with the Court's leave, Jacobson moved for summary judgment on September 30, 2021.  (Not. of Mot.; Decl. of Janice Powers ("Powers Decl.") (Dkt. No. 73); Def.'s 56.1; Def.'s Mem. of Law in Supp. of Mot. for Summ. J. ("Def.'s Mem.") (Dkt. No. 75); Aff. of Janice Powers (Dkt. No. 76) (serving Plaintiff with the Notice of Motion, Memorandum of Law, 56.1 Statement, Exhibits thereto, Local Rule 56.2 notice, and

_____

[5] Plaintiff did not file the motion for reconsideration directly with the Court, but instead filed the affidavit of service.  (*See* Dkt. No. 45.)

unpublished cases pursuant to Local Rule 7.2.)  Plaintiff's response was due on October 28,

2021, (*see* Dkt. No. 70), but Plaintiff did not file any papers or information in response.

Jacobson therefore did not file a reply.  Accordingly, the Court deems the Motion fully

submitted.  *Cf. Perkins v. Presley*, No. 18-CV-03590, 2021 WL 2535525, at *2 (S.D.N.Y. June

21, 2021) ("If Plaintiff fails to file opposition papers or seek an extension of time on or before

[the deadline to respond to the motion for summary judgment], no reply shall be filed and the

[c]ourt will consider Defendants' motion fully briefed."); *Wilson v. Pessah*, No. 05-CV-3143,

2006 WL 2668175, at *2 (E.D.N.Y. Sept. 15, 2006) ("[I]f pro se plaintiff fails to file opposition

papers or seek an extension of time by [the deadline to respond to the motion for summary

judgment], no reply shall be filed, and this Court will deem the motion fully submitted." (italics

omitted)).

## II.  Discussion

### A.  Standard of Review

Summary judgment is appropriate where the movant shows that "there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (same); *Psihoyos v.

John Wiley & Sons, Inc.*, 748 F.3d 120, 123–24 (2d Cir. 2014) (same).  "In deciding whether to

award summary judgment, the court must construe the record evidence in the light most

favorable to the non-moving party and draw all reasonable inferences in its favor."  *Torcivia v.

Suffolk County*, 17 F.4th 342, 355 (2d Cir. 2021); *see also Horror Inc. v. Miller*, 15 F.4th 232,

240 (2d Cir. 2021) (same).  "It is the movant's burden to show that no genuine factual dispute

exists."  *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004); *see also*

*Red Pocket, Inc. v. Interactive Commc'ns Int'l, Inc.*, No. 17-CV-5670, 2020 WL 838279, at *4 (S.D.N.Y. Feb. 20, 2020) (same).

"However, when the burden of proof at trial would fall on the non[-]moving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the non[-]movant's claim," in which case "the non[-]moving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *CILP Assocs., L.P. v. Pricewaterhouse Coopers LLP*, 735 F.3d 114, 123 (2d Cir. 2013) (alteration and quotation marks omitted). Further, "[t]o survive a [summary judgment] motion . . . , [a nonmovant] need[s] to create more than a 'metaphysical' possibility that his allegations were correct; [s]he need[s] to 'come forward with specific facts showing that there is a genuine issue for trial,'" *Wrobel v. County of Erie*, 692 F.3d 22, 30 (2d Cir. 2012) (emphasis omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)), "and cannot rely on the mere allegations or denials contained in the pleadings," *Guardian Life Ins. Co. v. Gilmore*, 45 F. Supp. 3d 310, 322 (S.D.N.Y. 2014) (quotation marks omitted); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) ("When a motion for summary judgment is properly supported by documents or other evidentiary materials, the party opposing summary judgment may not merely rest on the allegations or denials of his pleading . . . .").

"On a motion for summary judgment, a fact is material if it might affect the outcome of the suit under the governing law." *Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene*, 746 F.3d 538, 544 (2d Cir. 2014) (quotation marks omitted). At this stage, "[t]he role of the court is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (citation omitted).

Thus, a court's goal should be "to isolate and dispose of factually unsupported claims." *Geneva Pharms. Tech. Corp. v. Barr Labs. Inc.*, 386 F.3d 485, 495 (2d Cir. 2004) (quoting *Celotex*, 477 U.S. at 323–24).

When ruling on a motion for summary judgment, a district court should consider only evidence that would be admissible at trial. *See Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 164 F.3d 736, 746 (2d Cir. 1998). "[W]here a party relies on affidavits or deposition testimony to establish facts, the statements 'must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.'" *DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012) (quoting Fed. R. Civ. P. 56(c)(4)); *see also Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988) ("Rule 56 requires a motion for summary judgment to be supported with affidavits based on personal knowledge . . . ."); *Baity*, 51 F. Supp. 3d at 419 (disregarding "statements not based on [the] [p]laintiff's personal knowledge"); *Flaherty v. Filardi*, No. 03-CV-2167, 2007 WL 163112, at *5 (S.D.N.Y. Jan. 24, 2007) ("The test for admissibility is whether a reasonable trier of fact could believe the witness had personal knowledge." (citation omitted)).

Finally, the Second Circuit has instructed that when a court considers a motion for summary judgment, "special solicitude" should be afforded a pro se litigant, *see Graham*, 848 F.2d at  344; *accord Mercado v. Div. of N.Y. State Police*, No. 96-CV-235, 2001 WL 563741, at *7 (S.D.N.Y. May 24, 2001) (same), and a court should construe "the submissions of a pro se litigant . . . liberally" and interpret them "to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (italics and quotation marks omitted).  And, "the failure to oppose a motion for summary judgment alone does not justify the granting of summary judgment." *Vt. Teddy Bear Co.*, 373 F.3d at 244; *see also*

*Jackson v. Fed. Exp.*, 766 F.3d 189, 196 (2d Cir. 2014) (explaining that "an examination of the legal validity of an entry of summary judgment should . . . be[] made in light of the opposing party's pro se status" (italics omitted)).  "Nonetheless, proceeding pro se does not otherwise relieve a litigant of the usual requirements of summary judgment, and a pro se party's bald assertions unsupported by evidence . . . are insufficient to overcome a motion for summary judgment."  *Houston*, 27 F. Supp. 3d at 351 (alterations, italics, and quotation marks omitted); *see also Flores v. City of New York*, No. 15-CV-2903, 2017 WL 3263147, at *2 (S.D.N.Y. July 31, 2017) (same).

> B.  Analysis

> 1.  Applicable Law

"The Eighth Amendment forbids 'deliberate indifference to serious medical needs of prisoners.'"  *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  A deliberate indifference claim has two elements.  The Supreme Court has described them as follows:

> The first requirement is objective: the alleged deprivation of adequate medical care must be sufficiently serious.  The second requirement is subjective: the charged officials must be subjectively reckless in their denial of medical care. This means that the charged official [must] act or fail to act while *actually aware* of a substantial risk that serious inmate harm will result.  Officials need only be aware of the risk of harm, not intend harm.  And awareness may be proven from the very fact that the risk was obvious.

*Id.* (citations and quotation marks omitted).

Each of these elements must be met as to any defendant against whom claims have been made.  Moreover, "[i]t is well settled that, in order to establish a defendant's individual liability in a suit brought under [42 U.S.C.] § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation."  *Grullon v. City of New Haven*, 720 F.3d

133, 138 (2d Cir. 2013) (collecting cases).  To establish personal involvement, a plaintiff must

show that:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the
> defendant, after being informed of the violation through a report or appeal, failed
> to remedy the wrong, (3) the defendant created a policy or custom under which
> unconstitutional practices occurred, or allowed the continuance of such a policy or
> custom, (4) the defendant was grossly negligent in supervising subordinates who
> committed the wrongful acts, or (5) the defendant exhibited deliberate indifference
> to the rights of inmates by failing to act on information indicating that
> unconstitutional acts were occurring.

*Id*. at 139 (citation and alterations omitted).  Simply put, "[b]ecause vicarious liability is

inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant,

through the official's own individual actions, has violated the Constitution."  *Ashcroft v. Iqbal*,

556 U.S. 662, 676 (2009).  Therefore, Plaintiff must plausibly allege that Jacobson's actions fall

into one of the five categories identified above.  *See Lebron v. Mrzyglod*, No. 14-CV-10290,

2017 WL 365493, at *4 (S.D.N.Y. Jan. 24, 2017) (holding that the five categories "still control[]

with respect to claims that do not require a showing of discriminatory intent" post-*Iqbal*).

### 2.  Application to Plaintiff's Claims

As stated earlier, the only cause of action that survived Defendants' earlier Motion to

Dismiss concerned Plaintiff's claim regarding Jacobson's alleged treatment on July 8, 2016.

(*See* 2020 Op. 23.)  Defendant argues that the Court must grant the Motion because he was not

personally involved in the alleged treatment.  (Def.'s Mem. 6–10.)  Based on a thorough review

of the record, the Court agrees.

The undisputed evidence shows that Jacobson never treated Plaintiff on the date in

question, let alone did so in a manner that violates the Eighth Amendment.  Put simply, no dental

or medical records show Jacobson treating Plaintiff on July 8, 2016.  (Def.'s 56.1 ¶ 6 (citing

Jacobson Decl; Dental Records).)  Instead, the records show that Jacobson treated Plaintiff on

June 29, 2016, (*id.* ¶ 10), and next on July 18, 2016, (*id.* ¶ 13).  Moreover, neither record makes

reference to Monroe, (*id.* ¶ 19), whom Plaintiff alleged was in the room while Jacobson

undertook this alleged misconduct, (Am. Compl. ¶ 5).  Furthermore, Monroe herself

"corroborates this version of events," (Def.'s 56.1 ¶ 21), as she attests that she "did not have any

interaction as alleged on July 8, 2016 or at any other time that resembles this allegation,"

(Powers Decl. Ex. B (Decl. of Valerie Monroe) ("Monroe Decl.") ¶ 4 (Dkt. No. 73-2)).

Plainly, "[t]hese records are fatal to Plaintiff's factual allegation." *Johnson v. Kitt*, No.

15-CV-7823, 2021 WL 1105438, at *8 (S.D.N.Y. Mar. 23, 2021).  "When opposing parties tell

two different stories, one of which is blatantly contradicted by the record, so that no reasonable

jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a

motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).  The detailed and

consistent story told by the medical records—"uncontroverted documentary evidence, made

contemporaneous to the events"—as well as Jacobson's and Monroe's corroboration thereof

"wholly undermines Plaintiff's unsupported contentions and is fatal to [his]  . . . claim." *Todd v.*

*N.Y.C. Health & Hosps. Corp.*, No. 16-CV-2124, 2021 WL 4463214, at *4 (E.D.N.Y. Sept. 29,

2021); *see also Vega v. Rell*, 611 F. App'x 22, 25–26 (2d Cir. 2015) (summary order) (affirming

grant of summary judgment related to a prisoner's deliberate-indifference-to-medical-needs

claim where the prisoner's account in his affidavit was "undercut" by "uncontroverted medical

records"); *Jordan v. Fischer*, 773 F. Supp. 2d 255, 262 (N.D.N.Y. 2011) (granting summary

judgment where the plaintiff's "allegations and the underlying record betray the merits of his

deliberate indifference claim against [a defendant]"); *Headley v. Fisher*, No. 06-CV-6331, 2010

WL 2595091, at *4 (S.D.N.Y. June 28, 2010) (holding that "[c]ontemporaneous [l]ogbook

entries eliminate[d] any genuine issue of material fact that [the plaintiff] was not deprived of

opportunities to shower and go to recreation while under keep-lock status"); *Gaston v. Coughlin*,

No. 98-CV-6016, 2005 WL 1177869, at *13 (W.D.N.Y. May 18, 2005) (holding that the

plaintiff's "bald, conclusory statement[s]" that were contradicted by evidence in a prison's

"[a]ctivity [l]og" were "insufficient to defeat summary judgment").  Moreover, Plaintiff has not

made a "blanket denial of the accuracy of medical records," *Aouatif v. City of New York*, No. 07-

CV-1302, 2019 WL 2410450, at *8 (E.D.N.Y. May 31, 2019), *aff'd*, 811 F. App'x 711 (2d Cir.

2020), nor does Plaintiff "speculat[e] that [Jacobson] had somehow doctored [P]laintiff's

medical records," *Farid v. Ellen*, No. 01-CV-8292, 2006 WL 59517, at *11 (S.D.N.Y. Jan. 11,

2006), aff'd, 593 F.3d 233 (2d Cir. 2010), even if such either course of action is insufficient to

withstand a motion for summary judgment, *see Aouatif,* 2019 WL 2410450, at *8; *Farid*, 2006

WL 59517, at *11.  Accordingly, the Court grants grant the Motion in its entirety.[6]

---

[6] Aside from Plaintiff's federal claims, the Court cannot consider Plaintiff's state law claims.  To the extent Plaintiff brings his state law claims against Jacobson "caused in his official capacity, those claims must be dismissed" under the Eleventh Amendment.  *Gunn v. Ayala*, No. 20-CV-840, 2021 WL 5647795, at *3 (S.D.N.Y. Dec. 1, 2021).  Conversely, "to the extent Plaintiff seeks to assert state law claims [against Jacobson in his personal capacity], they are barred by New York Correction Law § 24, which provides that '[n]o civil action shall be brought in any court of the state . . . against any officer or employee of [DOCCS] . . . in his or her personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of employment and in the discharge of duties by such officer or employee.'" *McCray v. Lee*, No. 16-CV-1730, 2021 WL 4392280, at *11 (S.D.N.Y. Sept. 24, 2021) (quoting N.Y. Corr. Law § 24); *see also Baker v. Coughlin*, 77 F.3d 12, 15 (2d Cir. 1996) (holding that § 24 applies to claims in federal court).  "Courts in the Second Circuit have long held that [§] 24 precludes a plaintiff from raising state law claims in federal court against state employees in their personal capacities for actions arising within the scope of their employment." *Davis v. McCready*, 283 F. Supp. 3d 108, 123–24 (S.D.N.Y. 2017) (collecting cases).  New York Corrections Law § 24 applies here, as the misconduct alleged "arose as a result of [Jacobson's] discharging [his] duties" as a dentist employed by DOCCS. *McCray*, 2021 WL 4392280, at *11 (quoting *Boyd v. Selmer*, 842 F. Supp. 52, 57 (N.D.N.Y. 1994)); (*see* Def.'s 56.1 ¶ 1).  Finally, the New York State constitution similarly cannot revive Plaintiff's claims, as it does not create a private right of action "where . . . remedies are available under § 1983." *Id.* (ellipsis in original) (quoting *Hershey v. Goldstein*, 938 F. Supp. 2d 491, 520 (S.D.N.Y. 2013)).

III.  Conclusion

For the foregoing reasons, the Court grants Jacobson's Motion for Summary Judgment.

The Clerk of Court is respectfully directed to terminate the pending Motion, (Dkt. No. 72), mail

a copy of this Opinion to Plaintiff at the address listed on the docket, and close this case.

SO ORDERED.

Dated:   June 14, 2022
         White Plains, New York

KENNETH M. KARAS
United States District Judge